FILED

2011 Feb-14 PM 02:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **BARONICA WARREN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **5:08-CV-0223-VEH** |
| | ) | |
| **THE COUNTY COMMISSION OF** | ) | |
| **LAWRENCE COUNTY, ALABAMA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

### Introduction and Procedural History

Plaintiff Baronica Warren ("Ms. Warren") initiated this job discrimination case on February 6, 2008. (Doc. 1). Ms. Warren amended her complaint twice, once on April 28, 2008 (Doc. 22), and again on September 12, 2008. (Doc. 34). Ms. Warren's second amended complaint asserts nine counts against the following defendants: the County Commission of Lawrence County, Alabama (the "Commission"); Commissioners Harold LouAllen, Mose Jones, John Terry and Alma Whitlow, in their official and individual capacities; Commissioner Bradley Cross, in his official capacity; Lawrence County Administrator Peggy Dawson, in her official and individual capacities; and Robbie Hyde, individually. (Doc. 34).

As a result of prior rulings by the court,[1] the present scope of the case is significantly more limited.  Specifically, the only claims that remain pending are asserted against the Commission, and include count VI for violations of the Fair Labor Standards Act ("FLSA"), count VII for disparate treatment based on sex under Title VII, and count VIII for retaliation under Title VII.

Pending before the court are Ms. Warren's Motion for Partial Summary Judgment relating to spoliation of evidence (Doc. 93) (the "First Partial Motion") filed on July 15, 2008, Ms. Warren's Second Motion for Partial Summary Judgment pertaining to her FLSA  claim (Doc. 126) (the "Second Partial Motion") filed on October 5, 2009, and the Commission's Motion for Summary Judgment regarding all of Ms. Warren's still pending claims (Doc. 128) ("Commission's Motion") filed on October 5, 2009.  The magistrate judge entered reports and recommendations with

---

[1] Count IX was dismissed on May 18, 2009.  (Docs. 81,82).  Counts I, II, III, IV, V, part of count VII (that portion alleging hostile environment sexual harassment), and punitive damages (against the Commission) were dismissed on June 24, 2009.  (*See generally* Doc. 87).  These May and June 2009 rulings resulted in Ms. Warren's case proceeding against the Commission only.  (*See generally* Doc. 34 ¶¶ 67- 77 (alleging wrongful acts in remaining counts of VI, VII, and VIII <u>by the Commission only</u>)).  Additionally, Peggy Dawson and Robbie Hyde were separately terminated as defendants on September 17, 2009, and June 17, 2009, respectively, as reflected on the CM/ECF docket activity for those dates.  However, the other individual defendants continue to appear in the lawsuit as active defendants on CM/ECF.  The Clerk of Court is **HEREBY DIRECTED** to correct this error and appropriately reflect on CM/ECF that the only remaining active defendant in the litigation is the Commission.

2

respect to Ms. Warren's First Partial Motion (Doc. 93), Ms. Warren's Second Partial Motion (Doc. 126), and the Commission's Motion (Doc. 128) on October 18, 2010. (Docs. 166-68).

In this collection of October 2010 rulings, the magistrate judge recommended that summary judgment be granted in favor of the Commission as to all remaining claims other than Ms. Warren's FLSA claim. (Doc. 168 (granting summary judgment to the Commission on Ms. Warren's Title VII disparate treatment and retaliation claims); Doc. 167 (denying summary judgment to the Commission on Ms. Warren's FLSA claim)). The magistrate judge further suggested that both Ms. Warren's First Partial Motion and Second Partial Motion be denied. (Doc. 166 (denying summary judgment to Ms. Warren on spoliation of evidence issue); Doc. 167 (denying summary judgment to Ms. Warren on her FLSA claim)).

On November 1, 2010, both Ms. Warren and the Commission filed objections to the magistrate judge's set of October reports and recommendations. (Docs. 169-71). After receiving these objections, on November 3, 2010, the magistrate judge vacated one of his original rulings, namely the decision which recommended that Ms. Warren's FLSA claim proceed to trial (Doc. 167) and entered a revised report, which instead called for the dismissal of Ms. Warren's FLSA claim and, as a result, suggested that no pending claims should remain for trial. (*See* Doc. 172 (order

vacating Doc. 167); Doc. 173 (recommending that summary judgment be granted in favor of the Commission on Ms. Warren's FLSA claim)).

On November 15, 2010, Ms. Warren followed with a "Response to Defendant County Commission of Lawrence County, Alabama's Objection to the Report and Recommendation of the Magistrate Judge Regarding Denial of Summary Judgment as to the Plaintiff's Claim for Violation of the Fair Labor Standards Act" (Doc. 174) (the " FLSA Response") as well as "Objections to the Magistrate Court's Report and Recommendation Regarding Defendant's Motion for Summary Judgment on Plaintiff's FLSA Claim" (Doc. 175) (the "FLSA Objections"). The Commission filed nothing further.

Having carefully considered the materials in the court file, including all reports and recommendations and the related briefing, and after conducting a *de novo* review of the record relating to Ms. Warren's objections, the court is of the opinion that the magistrate judge's report is due to be **ADOPTED**, and his recommendation is due to be **ACCEPTED** as it pertains to Ms. Warren's disparate treatment on the basis of sex claim.  In particular, the court observes that Ms. Warren consents to the entry of summary judgment as to this particular claim.  (*See* Doc. 169 at 1 (conceding that a dismissal of Ms. Warren's gender discrimination claim is appropriate)).

However, the magistrate judge's reports and recommendations on Ms.

4

Warren's retaliation and FLSA claims are due to be **REJECTED IN PART**. Likewise, Ms. Warren's objections as to the recommended dismissal of these counts are due to be **SUSTAINED IN PART**.  Additionally, the report and recommendation on Ms. Warren's First Partial Motion on spoliation of evidence is due to be **REJECTED** because the issues therein (and related objections) have now become **MOOT**.

### Overview of Ms. Warren's Objections

Regarding the concerns raised in her objections, Ms. Warren generally contends that the magistrate judge erred in determining that there are no genuine issues that must be determined by the trier of fact.  (Doc. 169 at 1).  She further specifically contends that the magistrate judge incorrectly applied non-binding law when he evaluated the merits of her retaliation claim.  (Doc. 169 at 2).

Concerning her FLSA claim, Ms. Warren contends that the magistrate judge made erroneous procedural, jurisdictional, and/or equitable missteps in vacating his initial recommended ruling and then expeditiously suggesting the appropriateness of summary judgment in favor of the Commission without the benefit of even seeing Ms. Warren's FLSA response. (*See* Doc. 175 at 1-14).  Regardless of these purported procedural irregularities, Ms. Warren additionally argues that, substantively, her FLSA claim presents a triable issue for a jury to decide.  (*See* Doc. 175 at 14

("Assuming *arguendo* the District Court allows the entry of the Report and Recommendation II, the finding and recommendations of the Magistrate Court are in error and should not be adopted by the District Court.")).

Finally, as to spoliation of evidence relating to the investigation of Ms. Warren and her subsequent discharge from employment, Ms. Warren maintains that the magistrate judge inconsistently "found that the documents identified by Plaintiff as critical to her claim should have been maintained pursuant to federal law" and yet "excused the spoliation [*i.e.*, the destruction] of [certain] documents by Defendant and even played a part in denying Plaintiff an electronic file to which she was entitled." (Doc. 170 at 2, 4). The court addresses the merits of these objections below.

### *De Novo* Review Standard

Before the court engages in its own analysis, however, it is important to emphasize that the magistrate judge is not making any <u>final</u> factual determinations or rulings on summary judgment, but rather only providing recommendations. Instead, the undersigned has reviewed *de novo* those portions of the record that relate to the parties' objections and separately and independently determined the correctness of any objected-to findings and recommendations.

This accepted process is set forth statutorily in 28 U.S.C. § 636, which states

in part that:

**(b)(1)** Notwithstanding any provision of law to the contrary–

**(A)** a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

**(B)** <u>a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)</u>, of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

**(C)** the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

<u>Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court</u>. A judge of the court shall make a *de novo* determination of <u>those portions</u> of the report or specified proposed findings or recommendations <u>to which objection is made</u>. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also

> receive further evidence or recommit the matter to the magistrate judge
> with instructions.

28 U.S.C. § 636(b) (footnotes omitted) (emphasis by underlining added).

Regarding the *de novo* review requirement in particular, the district court's obligation is to independently review those portions of the record to which objections are made, as opposed to reviewing the entire record. *See, e.g., Washington v. Estelle*, 648 F.2d 276, 282 (5th Cir. 1981) ("Both in his brief and at oral argument, Washington maintains that the District Court erred in reviewing *de novo* only the objected to portion of the magistrate's findings, rather than reviewing the entire record *de novo*.");[2] *id.* ("Based on the language of this order, we are convinced that the District Judge sufficiently complied with the act which requires '"a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"") (citations omitted).[3]

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[3] In *Washington*, the district judge's order adopting the magistrate judge's proposed decision stated:

> The Court having considered the Findings and Recommendations of the
> United States Magistrate filed on September 19, 1979, and the Court
> further having reviewed and considered the written objections filed by
> the Petitioner herein on October 2, 1979, and the Court having made a
> de novo review of the objections raised by the Petitioner and the Court

Additionally, it is incumbent upon the parties to timely raise <u>any</u> objections that they may have regarding a magistrate judge's findings contained in the report and recommendation as the failure to do so subsequently waives or abandons the issue even if such matter was presented at the magistrate judge level. *See, e.g., U.S. v. Pilati*, ___ F.3d ___, 2010 WL 5129015, at *4 (11th Cir. 2010) ("While Pilati raised the issue of not being convicted of a qualifying offense before the magistrate judge, <u>he did not raise this issue in his appeal to the district court</u>. Thus, <u>this argument has been waived or abandoned</u> by his failure to raise it on appeal to the district court.") (emphasis added).

## Ms. Warren's Disparate Treatment Claim

Ms. Warren has no objection to the entry of summary judgment in favor of the Commission on her gender disparate treatment claim. (Doc. 169 at 2 ("<u>The Magistrate Judge correctly found</u> that Plaintiff's claim of gender discrimination should have been subject to summary dismissal. Based upon the facts and the law,

---

being of the opinion that the findings are correct and that the objections are without merit,

IT IS, THEREFORE, ORDERED that the Findings, Conclusions and Recommendations of the United States Magistrate are adopted.

648 F.2d at 282 (emphasis added) (citation omitted).

<u>Plaintiff did not oppose</u> a finding in favor of [the Commission] on Plaintiff's claim of gender discrimination.") (emphasis added)).  Accordingly, the magistrate judge's report and recommendation pertaining to the dismissal of Ms. Warren's disparate treatment claim is due to be **ACCEPTED** and **ADOPTED**.

## Ms. Warren's Retaliation Claim

"'To establish a [circumstantial] claim of retaliation under Title VII or section 1981, a plaintiff must prove that he engaged in statutorily protected activity, he suffered a materially adverse action, and there was some causal relation between the two events.'" *Butler v. Alabama Dept. of Transp.*, 536 F.3d 1209, 1212-13 (11th Cir. 2008) (citations omitted).  With these *prima facie* elements in mind, and consistent with *de novo* assessment, the undersigned has independently determined that the Commission is not entitled to the entry of summary judgment on Ms. Warren's retaliation claim, especially when reviewing the record in a light most favorable to the non-movant and evaluating the claim under currently applicable law.

In particular, the court agrees with Ms. Warren that the magistrate judge incorrectly concluded that "a participation clause claim of retaliation [*i.e.*, such as when a plaintiff has filed a charge of discrimination with the EEOC as opposed to an opposition clause claim of retaliation such as when a plaintiff opposes unlawful employment practices by lodging an internal complaint with management] requires

that the underlying claim of discrimination be an objectively reasonable claim" for

it to satisfy the statutorily protected activity *prima facie* element.[4]  (Doc. 168 at 65;

*see also id.* at 67 ("However, but for this [objectively reasonableness] shortcoming,

there is no doubt that plaintiff could have prevailed in her opposition to defendants'

---

[4]    As the Eleventh Circuit distinguished between opposition versus participation-based protected activity in *E.E.O.C. v. Total System Services, Inc.*, 221 F.3d 1171 (11th Cir. 2000):

> Title VII's retaliation provisions do protect certain kinds of activity. Under the opposition clause, an employer may not retaliate against an employee because the employee "has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).  And, under the participation clause, an employer may not retaliate against an employee because the employee "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." *Id.* . . .

> The participation clause covers participation in "an investigation . . . under this subchapter," that is, an investigation under subchapter VI of Chapter 21 of Title 42 (42 U.S.C. §§ 2000e- 2000e-17). 42 U.S.C. § 2000e-3(a). This clause protects proceedings and activities which occur in conjunction with or after the filing of a formal charge with the EEOC; it does not include participating in an employer's internal, in-house investigation, conducted apart from a formal charge with the EEOC. *See Silver v. KCA, Inc.*, 586 F.2d 138, 141 (9th Cir. 1978) (stating that participation means "participation in the machinery set up by Title VII to enforce its provisions"). We conclude that, because no EEOC complaint had been filed before Warren's termination, her taking part in Defendant's internal investigation did not constitute protected expression under the participation clause of Title VII.

*Total System*, 221 F.3d at 1174 (footnotes omitted).

motion for summary judgment on the retaliation claim.") (emphasis added)).  This determination by the magistrate judge, although perhaps supported by persuasive authority, including <u>unpublished</u> opinions by the Eleventh Circuit,[5] is contrary to the still binding precedent of *Pettway v. American Cast Iron Pipe Co.*, 411 F.2d 998 (5th Cir. 1969).  As the pre-*Bonner Pettway* court reasoned and held:

> <u>Congress, in Title VII</u>, as did the Supreme Court in *New York Times v. Sullivan*, 1964, 376 U.S. 254, 84 S. Ct. 710, 11 L. Ed. 2d 686, <u>sought to evaluate and balance the competing interests</u>.  On the one hand is the protection of the employer from damage caused by maliciously libelous statements and on the other is protection of the employee from racial and other discrimination. In Title VII Congress sought to protect the employer's interest by directing that EEOC proceedings be confidential and by imposing severe sanctions against unauthorized disclosure. Sections 706(a), 709(e), 42 U.S.C.A. §§ 2000e-5(a), 2000e-8(e). <u>The balance is therefore struck in favor of the employee in order to afford him the enunciated protection from invidious discrimination, by protecting his right to file charges</u>.
>
> <u>We hold that where, disregarding the malicious material contained in a charge (or petition for reconsideration, or other communication with EEOC sufficient for EEOC purposes, or in a proceeding before EEOC)</u>

---

[5]  When an  opinion issued by the Eleventh Circuit is an unpublished one, it is neither binding on this Circuit nor this court.  *See, e.g., Baker v. Birmingham Board of Education*, 531 F.3d 1336, 1338 (11th Cir. 2008) ("[B]ecause *Palmer* is an unpublished decision, it is not binding precedent." (citing *Twin City Fire Ins. Co., Inc. v. Ohio Cas. Ins. Co., Inc.*, 480 F.3d 1254, 1260 n.3 (11th Cir. 2007); 11th Cir. Rule 36-2)).  Further, only an *en banc* decision of the Eleventh Circuit (or a Supreme Court decision) can over-turn a published decision of the Eleventh Circuit.  *U.S. v. Steele*, 147 F. 3d 1316 at 1317 - 18 (11th Cir. 1998) ("Under our prior precedent rule, a panel cannot overrule a prior one's holding even though convinced it is wrong.")

the charge otherwise satisfies the liberal requirements of a charge, the charging party is exercising a protected right under the Act. He may not be discharged for such writing. The employer may not take it on itself to determine the correctness or consequences of it. Nor may the court either sustain any employer disciplinary action or deny relief because of the presence of such malicious material. We do not decide whether a writing purporting to be and to be used as a charge, which does not meet the requisites of a charge such as is required to set the EEOC machinery in operation is protected. We leave that for another day and another court.

*Pettway*, 411 F.2d at 1007 (emphasis added) (footnotes omitted).

Thus *Pettway* makes it clear that the administrative action of filing a charge of discrimination with the EEOC, as opposed to a good faith evaluation of the charging party's beliefs about the truthfulness of the charge's contents, is what Title VII's participation clause is designed to protect. Further, this court is not inclined to adopt the magistrate judge's suggested application of a reasonableness standard to a Title VII participation clause claim absent some controlling unambiguous authority from either the Eleventh Circuit or the United States Supreme Court which overrules *Pettway*.[6]  *See Wideman v. Wal-Mart Stores*, 141 F.3d 1453, 1454-55 (11th Cir. 1998) ("Because we conclude that the facts of this case, viewed in the light most favorable to Wideman, show that Wideman had a good faith, reasonable basis for filing her charge, we need not decide whether protection from retaliation under the participation

---

[6]  Additionally, the court observes that *Pettway* still remains good law in the post-*Bonner* Fifth Circuit and therefore is binding on this court.  *See* fn. 5, *supra*.

clause is conditioned by a good faith, reasonable basis requirement.") (emphasis added); (*Cf.* Doc. 168 at 68 ("Likewise, were the Eleventh Circuit to conclude that there is no 'reasonableness' requirement for participation clause cases, this claim would remain viable.")).

Moreover, even accepting the magistrate judge's decision to anticipatively apply a reasonableness standard to Ms. Warren's participation clause claim, here, the court believes that sufficient evidence, taken in a light most favorable to Ms. Warren, exists within the record to satisfy such a test. *Cf. Wideman*, 141 F.3d at 1454-55 ("Because we conclude that the facts of this case, viewed in the light most favorable to Wideman, show that Wideman had a good faith, reasonable basis for filing her charge, . . . .") (emphasis added). Therefore, for all these reasons, summary judgment in favor of the Commission as to Ms. Warren's participation clause claim is due to be denied.

Moreover, while the magistrate judge analyzed other issues relating to the viability of Ms. Warren's retaliation claim, including temporal proximity (*see, e.g.*, Doc. 168 at 70 ("[c]onsequently, plaintiff has a temporal relationship between the filing of her EEOC charge of discrimination and her termination")) and pretext (*see, e.g.*, Doc. 168 at 73 ("[t]hus, the investigation into the claims against Warren was either inept and incompetent or the stated reasons for her termination were a pretext

for retaliation")), at the end of his report, he made it clear that summary judgment in favor of the Commission <u>was only appropriate because of Ms. Warren's failure to satisfy the reasonableness standard</u>:

> However, as noted above, plaintiff has failed to demonstrate that her belief that she was the subject of gender-based disparate treatment was objectively reasonable. <u>For this reason alone</u>, summary judgment is due to be granted with respect to plaintiff's claim of retaliation.

(Doc. 168 at 73-74 (emphasis added)).  Furthermore, the Commission did not object to any of the magistrate judge's analysis and conclusions drawn about Ms. Warren's retaliation claim that were adverse to it and, as a result, those issues have been waived by the Commission.  *See Pilati*, 2010 WL 5129015, at *4 ("Thus, this argument has been waived or abandoned by his failure to raise it on appeal [of the magistrate judge's decision] to the district court.").

Therefore, the magistrate judge's recommendation regarding Ms. Warren's retaliation claim is due to be **REJECTED** both as to his decision to apply and alternatively his actual application of the reasonableness standard to her participation clause claim, but otherwise is due to be **ACCEPTED** and **ADOPTED**.  Further (and consistent with the magistrate judge's observations included in his report and recommendation), because this court will not apply a reasonableness test to Ms. Warren's filing of her charge (and, even if it were to do so, alternatively finds the test to be satisfied), summary judgment in favor of the Commission on Ms. Warren's

participatory retaliation claim is due to be **DENIED**.

**Ms. Warren's FLSA Claim**

Consistent with *de novo* standard of review, the undersigned also has independently determined that the Commission is not entitled to the entry of summary judgment on Ms. Warren's FLSA claim, especially when reviewing the record in a light most favorable to her.  Put differently, from a substantive standpoint, Ms. Warren has presented sufficient evidence such that her FLSA claim should be decided by a jury.  Indeed, as the magistrate judge observed in his replacement recommendation granting summary judgment in favor of the Commission on Ms. Warren's FLSA claim, "[i]f one does not remove the one-hour lunch period from the determination of hours worked by Warren as set out in Ms. King's affidavit, it is possible that there may be some occasions when plaintiff worked in excess of 40 hours for which she was not compensated."  (Doc. 173 at 9 (emphasis added)). "Furthermore, the removal of one hour from the calculus would not be proper during the entire time Warren worked for Lawrence County because testimony reflects that, at least for some period of time, the lunch period for employees was reduced by Peggy Dawson from one hour to 30 minutes."  (*Id.* (emphasis added) (citation omitted)).

The Commission correctly recognizes as set forth in its objections to the

magistrate judge's <u>first</u> FLSA report and recommendation that a "party cannot . . . create . . . an issue [of fact] with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Van T. Junkins & Assoc. Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984).  However, it is also true that "every discrepancy contained in an affidavit does not justify the district court's refusal to give credence" to the affidavit.  *W. C. Lane v. Celotex Corp.*, 782 F.2d 1526, 1530 (11th Cir. 1986).

Upon review, the court has determined that statements made by Ms. Warren in her declaration regarding overtime, while perhaps less than thorough, are not "'inherently inconsistent'" with her previously provided deposition testimony. *Id.* at 1531.  Indeed, in recommending summary judgment in favor of the Commission in his <u>replacement</u> report, the magistrate judge makes no mention of *Van T. Junkins*' so-called sham affidavit rule.[7]

Instead, the magistrate judge suggests that summary judgment in favor of the Commission is appropriate because the record lacks sufficient evidence to substantiate "the days [Ms. Warren] worked overtime and the amount of overtime worked on these occasions." (Doc. 173 at 9).  Yet, included as part of the record and

---

[7] Moreover, as the Commission filed no additional objections to the magistrate judge's substituted report and recommendation on Ms. Warren's FLSA claim, the court has serious doubts about whether the *Van T. Junkins*'s issue has even been properly preserved by the Commission.

attached to her deposition transcript, is a handwritten document provided by Ms. Warren which sets forth a calculation of the amount of overtime she is claiming (Doc. 145-27 at 4 (D.'s Ex. 11 indicating a total of 43.40 in time owed); *see also* (Doc. 145-10 at 267 (identifying Ex. 11 as Ms. Warren's calculation of her "comp time accrued and used"). Additionally, Ms. Warren's time records reflect her earning compensatory time for certain pay periods. (*See, e.g.*, Doc. 144-2 at 5 ("+ .20 comp"); Doc. 144-3 at 1 (".25 comp time"); Doc. 144-4 at 8 ("*Did not get a lunch break, also @ Sheriff's Office until 5:45 C/T 2 hours 45 min. @ Time + ½)").

In further support of her FLSA claim, Ms. Warren relies upon the testimony of several non-party witnesses, including Linda Harville ("Ms. Harville"), a former employee of Lawrence County. On October 30, 2008, Ms. Harville declared under penalty of perjury[8] that, while she "was payroll/personnel clerk, [she] calculated the overtime worked by employees by counting the lunch break of employees as hours worked." (Doc. 152-2 ¶ 3). Ms. Harville further indicated that, as county

---

[8] Oddly enough, the Commission seems to imply that the evidence submitted by Ms. Warren in the form of declarations is to be discounted as "unsworn statements[.]" (Doc. 171 at 5 ("The unsworn statements provided in the Declarations submitted by Linda Harville, Erin Logston, and Joy Cameron . . . .") (emphasis added)). However, federal law unambiguously provides that an unsworn declaration will have the "like force and effect" of a sworn-to affidavit so long as the witness acknowledges "under penalty of perjury that the foregoing [information] is true and correct" and the document is signed and dated. *See* 28 U.S.C. § 1746. Moreover, nowhere has the Commission challenged the form of the declarations filed by Ms. Warren as being non-compliant with the requirements of § 1746.

administrator, she "approved overtime worked by office employees under this policy by counting the lunch hour as an hour worked by the employees." (*Id.*).

Furthermore, to the extent that Ms. Warren's declaration provided on October 30, 2009, is inconsistent with her prior deposition testimony given on April 10, 2009, concerning specifically her lunch break, such discrepancies can be explored during cross-examination at trial. Finally, because the court has determined that summary judgment in favor of the Commission on Ms. Warren's FLSA claim is due to be **DENIED** from a merits-based standpoint, it is unnecessary to reach any of the procedural-based objections raised by Ms. Warren regarding the process that resulted in the magistrate's substituted FLSA report and recommendation that was entirely adverse to Ms. Warren.

## Ms. Warren's Spoliation of Evidence Motion

Finally, the court comes to Ms. Warren's objections pertaining to her First Partial Motion that raises spoliation of evidence in the context of Ms. Warren's retaliatory discharge claim. (*See generally* Doc. 170; *see also* (Doc. 169 at 21 (Ms. Warren's indicating that **"DEFENDANT'S SPOLIATION OF EVIDENCE WAS IGNORED"** when contesting magistrate judge's recommended retaliation ruling)). In *Mann v. Taser, Intern, Inc.*, 588 F.3d 1291 (11th Cir. 2009), the Eleventh Circuit succinctly explained the spoliation rule as applied in federal court:

We review the district court's decision regarding spoliation sanctions for abuse of discretion. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 55, 111 S. Ct. 2123, 2138, 115 L. Ed. 2d 27 (1991); *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 946 (11th Cir.2005). In the Eleventh Circuit, "an adverse inference is drawn from a party's failure to preserve evidence only when the absence of that evidence is predicated on bad faith." *Bashir v. Amtrak*, 119 F.3d 929, 931 (11th Cir.1997) (per curiam).

<u>While this circuit does not require a showing of malice in order to find bad faith, mere negligence in losing or destroying records is not sufficient to draw an adverse inference</u>. *See id.* Plaintiffs present five instances of alleged spoliation and ask for corresponding sanctions. However, Plaintiffs present no evidence that any party acted in bad faith regarding any of the instances. As such, the district court did not err in declining to draw an adverse inference against the defendants.

*Mann*, 588 F.3d at 1310 (emphasis added).

The magistrate judge concluded that the record did not support a culpable level of conduct on the part of the Commission beyond mere negligence and proposed that Ms. Warren's First Partial Motion be denied. (Doc. 166 at 19 ("Simply put, there is no evidence that these notes were destroyed with a culpable state of mind.")). Ms. Warren, without citing to any authority, suggests that "[t]he culpability of Defendant can be inferred because <u>all</u> of the documents related to the investigation and termination of Plaintiff were destroyed." (Doc. 170 at 3).

Because, as explained earlier in this opinion, the court has determined that the Commission's Motion is due to be denied with respect to Ms. Warren's retaliatory termination claim, it is no longer necessary to reach the merits of Ms. Warren's

spoliation objections as part of the summary judgment record.  Put differently, Ms. Warren no longer would benefit from any adverse inference drawn against the Commission because this court has ruled that her retaliation claim survives summary judgment even in the absence of applying the spoliation rule.

Accordingly, Ms. Warren's First Partial Motion is due to be **TERMED** as **MOOT**.  Similarly, the court **REJECTS** the magistrate judge's report and recommendation regarding Ms. Warren's First Partial Motion because the issues therein are now moot.

## Conclusion

Therefore, the court **EXPRESSLY FINDS** that there are no genuine issues of material fact and that the Commission is entitled to judgment as a matter of law on the still pending portion of count VII (*i.e.*, disparate treatment on the basis of sex) of Ms. Warren's complaint.  However, the court **REJECTS IN PART** the magistrate judge's reports and recommendations regarding counts VI (FLSA) and VIII (retaliation), and **EXPRESSLY FINDS** that there are genuine issues of material fact as to both claims and that neither party is entitled to judgment as a matter of law as to such claims.  Accordingly, the Commission's Motion is due to be **GRANTED IN PART** and **DENIED IN PART**.  Likewise, Ms. Warren's Second Partial Motion is due to be **DENIED**.

21

Further, because the court has denied summary judgment to the Commission on Ms. Warren's retaliation claim, Ms. Warren's First Partial Motion is due to be **TERMED** as **MOOT**.  The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this the 14th day of February, 2011.

**VIRGINIA EMERSON HOPKINS**
United States District Judge